IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                )
                                      ) Case No. 12 B 01003
WORK PLACE SOLUTIONS GROUP, INC.      ) Hon. JACQUELINE P. COX
                                      ) Chapter 7
            Debtor                    )
              COVER SHEET FOR APPLICATION FOR
                 PROFESSIONAL COMPENSATION


Name of Applicant: __Allan J. DeMars__

Authorized to Provide
Professional Services to: __attorney for trustee__

Date of Appointment: __February 20, 2013__

Period for Which
Compensation is Sought: From __2/12/13__ through __3/30/17__
Amount of Fees Sought: $ __2,910.00 ($16,910.00 less prior interim__
                       __fees awarded in the amount of $14,000.00)__
Amount of Expense
Reimbursement Sought: $ _____

This is an: Interim Application _____   Final Application __X__

If this is not the first Application filed herein by this
professional, disclose as to all prior fee Applications:

| Date Filed | Period Covered | Total Requested Fees and Expenses | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 11/22/13 | 2/12/13 11/22/13 | $14,000.00 | $14,000.00 | $0 |
|  |  |  |  |  |
|  |  |  |  |  |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12 B 01003 |
| WORK PLACE SOLUTIONS GROUP, INC.   ) | Hon. JACQUELINE P. COX |
| ) | Chapter 7 |
| Debtor    ) | |

APPLICATION FOR AWARD OF ATTORNEY'S FEES

To:  The Honorable JACQUELINE P. COX,  Bankruptcy Judge.

Now comes Allan J. DeMars, and pursuant to 11 U.S.C. Sec. 330 and FRBP 2016 submits this Application for final compensation, as attorney for the trustee/estate.

1.  An order for relief under Chapter 7 was entered on January 13, 2012 and this Court on February 20, 2013 authorized the employment of the Applicant to serve as counsel for the Trustee.  Counsel filed a Motion for interim fees, requesting $14,000.00, and on December 17, 2013 an Order was entered awarding $14,000.00 in interim attorney's fees.

2.  Allan J. DeMars  requests total fees and compensation in the amount of $16,910.00 for 35.60  hours of legal services, rendered  during the  period from February 12, 2013 through March 30, 2017 less the $14,000.00 previously awarded and paid leaving a balance requested in the amount of $2,910.00.

3.  A description of the nature of the services rendered by the Applicant is as follows:

| | | |
|---|---|---|
| (i) | Employment of professionals | 2.80 Hours |
| (ii) | Claim resolution | .70 Hours |
| (iii) | tax issues | .90 Hours |
| (iv) | recovery of net proceeds re workman's comp lien resulting in $14,176.38 for the estate | 5.70 Hours |
| (v) | multi-party global settlement resulting in $1,000,000 for the estate | 21.30 Hours |
| (vi) | Preparation of fee Applications and exhibit | 4.20 Hours |
| | | 35.60 Hours |

4.  Attached hereto is an itemized statement of the legal services rendered.

5.  The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Allan J. DeMars | 35.60 | $475.00 | $16,910.00 less $14,000.00 |

previously awarded and paid. (Balance $2,910.00)

6.  Based on the nature, extent and value of services performed by the Applicant, the results achieved and the costs of comparable services, the compensation sought is fair and reasonable.

Wherefore, Allan J. DeMars, requests that he be awarded reasonable compensation, in the amount of $13,205.00 for the legal services rendered in this case.

Respectfully submitted:

Dated: March 30, 2017                                   /s/ Allan J. DeMars
Allan J. DeMars
Spiegel & DeMars
19 S. LaSalle Street
Suite #902
Chicago, IL  60603
(312) 726-3377
ARDC#:0611069

The legal services rendered are categorized as follows:
   (1) legal services rendered in the general administration of the bankruptcy case
   (2) legal services related to recovery based upon a workman's compensation payment lien
   (3) legal services relative to a multi-party global settlement pursuant to which the estate received $1,000,000.00

## 1. LEGAL SERVICES RENDERED IN THE GENERAL ADMINISTRATION OF THIS ESTATE (separate from trustee duties)

| Date | Description | Hours | Fee $ |
|---|---|---|---|
| 2013 | | | |
| February 12 | Preparation and electronic filing of Notice of Motion, Motion, Affidavit of Disinterestedness and proposed Order to employ counsel; to be presented February 20, 2013 | .70 | 332.50 |
| February 20 | Hearing on Motion to Employ | .70 | 332.50 |
| September 23 | Preparation and electronic filing of Notice of Motion, Motion, Affidavit of Disinterestedness and proposed Order to employ accountants; to be presented October 1, 2013 | .70 | 332.50 |
| September 18 | Meeting with accountant Lois West re tax issues relating to workman's comp lien settlement and multi-party global settlement | .70 | 332.50 |
| October 1 | Hearing on Motion to Employ | .70 | 332.50 |
| November 22 | Preparation of Notice of Motion and Motion re interim fees and interim distribution to creditors; to be presented December 17 | 2.50 | 1187.50 |
| December 17 | Hearing on interim fees and for authority to make further distributions and interim fee payments without further order of court | .70 | 332.50 |
| 2014 | | | |
| January 3 | Review tax communications to be included in consolidated return | .20 | 95.00 |
| July 29 | Negotiations with counsel for CNA Claims Plus re portion of claim #3 that is secured and available for payment | .50 | 237.50 |
| August 8 | Conversation with Nancy Dow at Zurich American; claim #2 being withdrawn as to future distributions | .20 | 95.00 |

2017

March 30         Preparation of final fee App.        1.00           475.00


HOURS EXPENDED FOR THIS CATEGORY OF LEGAL SERVICES     8.60         $4,085.00


2. LEGAL SERVICES RENDERED RELATIVE TO RECOVERY OF FUNDS FROM WORKMAN'S COMPENSATION LIEN (Hartman v. Houghton International)

   The debtor had made workman's compensation payments and had a recovery lien on settlement proceeds in litigation pending in the Circuit Court of Cook County (Hartman v. Houghton et al – 2010 L 5465). The aforesaid litigation settled for $50,000.00 and after deduction of attorney's fees and costs and priority liens, the debtor's workman's compensation lien was adjudicated for the sum of $14,176.38 which was paid to the estate.

| Date | Description | Hours | Fee $ |
|---|---|---|---|
| 2013 | | | |
| May 22 | Conversation with Alan Guon, atty for adjudication of lien; to be presented on May 23; issue: violation of automatic stay and lack of Notice to the trustee | .30 | 142.50 |
| | Review Motion | .30 | 142.50 |
| | Conversation with J. Thomas Chute, atty for Hartman re his motion to adjudicate the debtor's lien being in violation of the automatic stay; Motion will be continued; Chute will verify amount of lien; will go back to bankruptcy court to enlarge scope of Order modifying stay (previous order was to allow litigation to proceed to extent of insurance and NOT to impair any rights of the debtor) | .50 | 237.50 |
| May 23 | Review payout information relative to lien; $65,607 less statutory reduction of 25%; lien $49,205 less atty fees and costs | .30 | 142.50 |
| | Conversation with Chute re modification of stay | .20 | 95.00 |
| May 30 | Review Order entered in Circuit Court | .20 | 95.00 |
| June 4 | Review Motion to be presented in Circuit Court on June 14 to vacate Supreme Court Rule 304(a) language in prior May 23 Order and for court to retain jurisdiction to adjudicate | | |

|  |  |  |  |
|---|---|---|---|
|  | lien | .20 | 95.00 |
| July 10 | Conversation with Tom Chute re potential Medicare liens which would further reduce recovery to the estate | .20 | 95.00 |
| July 26 | Conversation with Tom Chute; no Medicare liens | .10 | 47.50 |
|  | Review letter from Chute advising there is a dispute between Plaintiff and Defendant re wording of Release | .20 | 95.00 |
| July 29 | Review Motion to be presented on August 6 striking certain language from Release by Hartman to Houghton | .30 | 142.50 |
| August 6 | Review Order | .10 | 47.50 |
| August 8 | Conversation with Tom Chute as to what he should include in his Motion, before the bankruptcy court, to expand the prior Order modifying the automatic stay | .30 | 142.50 |
| August 9 | Review Motion to Expand Scope of Prior Order Granting Relief from Automatic Stay; to be presented August 21 | .30 | 142.50 |
|  | Conversation with Tom Chute re proposed revisions to Motion | .20 | 95.00 |
|  | Review Motion with revision | .20 | 95.00 |
| August 19 | Review proposed Release to be executed on behalf of the debtor; conversation with Tom Chute re revisions; review of revised Release | .50 | 237.50 |
| August 21 | Attend hearing on Hartman Motion to expand scope of stay modification | .70 | 332.50 |
| August 23 | Review lien adjudication Motion to be presented in Circuit Court on August 29 | .30 | 142.50 |
| August 29 | Review Order | .10 | 47.50 |
| September 26 | Meeting with Tom Chute; execution of Release; receipt of lien proceeds | .20 | 95.00 |
|  | HOURS EXPENDED FOR THIS CATEGORY OF LEGAL SERVICES | 5.70 | $2,707.50 |

3. LEGAL SERVICES RENDERED RELATIVE TO MULTI-PARTY GLOABAL SETTLEMENT (ESTATE TO RECEIVE $1,000,000.00)

On September 26, 2013 an Order was entered approving a

multi-party global settlement, pursuant to which the estate received $1,000,000.00 the basis of which was to settle the estate's potential cause of action to avoid alleged fraudulent transfers.

A pre-petition dispute and litigation existed between the debtor, its principals and its successor with its largest creditor, CNA. The parties participated in mediation which the attorney for the trustee monitored and the parties, with input from counsel for the trustee, reached a multi-party settlement agreement culminating in the Order entered by this Court.

| Date | Description | Hours | Fee $ |
|---|---|---|---|
| 2012 | | | |
| September 24 | Pre-mediation conference call with representatives of the debtor, CNA and mediator, retired Judge Stephen Schiller | .80 | 380.00 |
| October 18 | Conversation with Alan Guon, debtor's counsel re mediation results and status | .50 | 237.50 |
| | Conversation with Mediator Stephen Schiller | .30 | 142.50 |
| | Conversation with Jonathan Young, atty for CNA | .60 | 285.00 |
| October 29 | Conversation with Jonathan Young re negotiation status and strategy | .50 | 237.50 |
| 2013 | | | |
| January 7 | Review summary of terms of proposed settlement drafted by attys for CNA | .70 | 332.50 |
| | Conversation with Jonathan Young re trustee's proposed changes | .50 | 237.50 |
| January 14 | Review first revision of summary of terms of settlement | .30 | 142.50 |
| January 15 | Conversation with Jonathan Young re trustee's proposed additional changes | .30 | 142.50 |
| January 18 | Review 2nd revision to proposed terms of settlement | .30 | 142.50 |
| | Conversation with Jonathan Young | .30 | 142.50 |
| January 29 | Conversation with Jonathan Young; principals have accepted settlement terms; agreement, note, security agreement and other supporting | | |

| | | | |
|---|---|---:|---:|
| | docs to be prepared and circulated | .20 | 95.00 |
| February 11 | Review first draft of settlement agreement, Note, Guaranty, Security Agreement | 1.00 | 475.00 |
| February 12 | Conversation with Jonathan Young re trustee's proposed changes | .30 | 142.50 |
| March 14 | Review second draft of docs | .70 | 332.50 |
| March 28 | Conversation with Alan Guon re settlement between estate. principals of debtor, OSI (the successor entity) and CNA | .50 | 237.50 |
| April 4 | Review third draft of docs with revisions | .70 | 332.50 |
| April 10 | Conference call with Alan Guon and Jonathan Young re resolution and wording of remaining issues | .30 | 142.50 |
| April 30 | Conversation with Alan Guon re assignment of "Willwork" judgment to CNA pursuant to their security interest based on served Citation | .30 | 142.50 |
| May 14 | Review Motion of CNA to modify stay to enable re-instatement of Citation and to obtain Order in state court directing trustee to assign; to be presented May 16 | .30 | 142.50 |
| | Conversation with Jonathan Young re estate concerns | .20 | 95.00 |
| May 24 | Review CNA Motion to be presented in Circuit Court | .30 | 142.50 |
| June 4 | Review revised proposed Order re assignment of Willwork judgment | .20 | 95.00 |
| | Conversation with Jonathan Young re tying in language in bankruptcy court Order into turn over order "authorizing" rather than directing trustee to assign and turn over | .30 | 142.50 |
| June 6 | Review and approval of revised proposed Order | .20 | 95.00 |
| June 24 | Conversation with Alan Guon re progress between principals | | |

|  |  |  |  |
|---|---|---|---|
|  | of debtor, OSI and CNA agreeing on language in docs | .20 | 95.00 |
| July 1 | Review fourth revision to settlement agreement and exhibits | 1.00 | 475.00 |
| July 3 | Meeting with Jonathan Young re revisions to agreement and exhibits | 1.50 | 712.50 |
| August 12 | Preliminary drafting of Motion to Approve Settlement | 3.00 | 1425.00 |
| August 30 | Conversation with Jonathan Young re final provisions of agreement amending Motion to include "alter-ego" claims in addition to potential cause of action to avoid alleged fraudulent transfers | .50 | 237.50 |
| August 29 | Review revisions to settlement Agreement | .50 | 237.50 |
| September 9 | Review revisions to settlement Agreement | .50 | 237.50 |
| September 10 | Revise Application and proposed Order to approve settlement | .70 | 332.50 |
| September 12 | Preparation of Notice of Motion and service list | .30 | 142.50 |
| September 13 | Final revisions to Notice of Motion, Motion and proposed Order | .50 | 237.50 |
|  | Conference call with Alan Guon and Jonathan Young | .30 | 142.50 |
|  | Electronic filing of Settlement Motion to be presented September 26 | .20 | 95.00 |
| September 26 | Hearing on Settlement and related matters | 1.00 | 475.00 |
| October 2 | Review and execution of assignment of Willwork judgment to CNA | .20 | 95.00 |
| October 24 | Review deposit account control agreement; review and execution of stipulated Order of Dismissal in re Employco Group v. CNA | .30 | 142.50 |
| TOTAL HOURS EXPENDED FOR THIS CATEGORY |  | 21.30 | $10,117.50 |

```
TOTAL HOURS EXPENDED FOR ALL CATEGORIES         35.60      $16,910.00
INTERIM ATTORNEYS FEES PREVIOUSLY PAID                   - $14,000.00

FINAL ADDITIONAL FEE REQUEST                              $ 2,910.00
```